IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM ALAN BOSKO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 17-277 |
| ) | |
| NANCY A. BERRYHILL, ACTING ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

O R D E R

AND NOW, this 27th day of March, 2018, upon consideration of the parties' cross motions for summary judgment, the Court, upon review of the Acting Commissioner of Social Security's final decision, denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 et seq., finds that the Acting Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C.§ 405(g); Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues, in essence, that the Administrative Law Judge ("ALJ") erred by: (1) failing to find that Plaintiff's mental impairments meet the severity of one of the listed

1

impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings") at Step Three of the sequential analysis; and (2) improperly evaluating the evidence of record in making his residual functional capacity ("RFC") assessment. The Court disagrees and finds that substantial evidence supports the ALJ's findings as well as his ultimate determination, based on all the evidence presented, of Plaintiff's non-disability.

First, Plaintiff contends—quite cursorily—that the ALJ erred in finding that Plaintiff's mental impairments do not meet the severity of Listings 12.02, 12.04, 12.06 and 12.09 at Step Three of the sequential analysis. Because the ALJ found that Plaintiff has certain severe impairments, including PTSD, depressive disorder, anxiety disorder and opiate dependence, Plaintiff does have a condition or conditions that could potentially qualify as a disorder under one or more of the above-mentioned Listings. (R. 16). The Court notes, however, that the Listings operate as a regulatory device used to streamline the decision-making process by identifying claimants whose impairments are so severe that they may be presumed to be disabled. See 20 C.F.R. § 404.1525(a). Because the Listings define impairments that would prevent a claimant from performing any gainful activity—not just substantial gainful activity— the medical criteria contained in the Listings are set at a higher level than the statutory standard for disability. See Sullivan v. Zebley, 493 U.S. 521, 532 (1990). Thus, a claimant has the burden of proving a presumptively disabling impairment by presenting medical evidence that meets all of the criteria of a listed impairment or is equal in severity to all of the criteria for the most similar listed impairment. See 20 C.F.R. § 404.1526.

In this case, the ALJ explained in his decision that Plaintiff's mental impairments had been evaluated under the 12.00 Listings, including 12.02, 12.04, 12.06 and 12.09. (R. 17). Upon review of the relevant evidence of record, however, the ALJ found that Plaintiff's "mental impairments, considered singly and in combination, do not meet or medically equal the criteria" of these Listings. (R. 17). According to the statute in effect at the time, the required level of severity for these Listings is met only "when the requirements in both A and B are satisfied, or when the requirements in C are satisfied." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.04 (2016). Plaintiff does not specify here how he supposedly meets the requirements in paragraph B, although he states that the ALJ wrongfully concluded that his restrictions were either mild or moderate in nature. (R. 17-18). As the ALJ explained in his analysis of this issue, in order to satisfy the paragraph B criteria, Plaintiff's impairments have to result in at least two of four of the following limitations: marked restriction of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence, or pace; or repeated episodes of decompensation, each of extended duration. (R. 17). The ALJ further explained that episodes of decompensation, each of extended duration "means three episodes in 1 year, or an average of once every 4 months, each lasting for at least 2 weeks." (R. 17).

The Court notes that the ALJ thoroughly discussed Plaintiff's symptoms and treatment in his decision, but he ultimately found that the above-stated requirements were simply not met or medically equaled. In fact, he clearly addressed evidence relevant to the above elements but concluded that Plaintiff's limitations included the following: mild limitation in activities of daily living; moderate limitation in social functioning; moderate limitation in the area of

2

concentration, persistence, or pace; and no episodes of decompensation. (R. 17-18). The ALJ further found that the evidence failed to establish the presence of the "paragraph C" criteria, although it does not appear that Plaintiff disagrees with this finding. (R. 18). The ALJ then properly continued with the rest of his analysis. Thus, after review of the ALJ's decision, the Court finds no merit in Plaintiff's argument that the ALJ erred in failing to find that his impairments meet the severity of one or more of the Listings.

The Court notes that, to support his contention that the ALJ erred in failing to find that he meets or exceeds the Listings, Plaintiff states that the ALJ failed to give proper consideration to certain medical evidence of record and that he improperly evaluated the credibility of Plaintiff's statements and the testimony of his wife. Because such types of evidence are more thoroughly discussed in the ALJ's RFC assessment, which is the topic of Plaintiff's second argument, the Court will address those specific contentions in that context.

Second, Plaintiff argues that the ALJ erred in improperly evaluating the evidence of record in formulating Plaintiff's RFC. A claimant's RFC is the most that a claimant can do despite his limitations. See 20 C.F.R. § 404.1545(a). The determination of a claimant's RFC is solely within the province of the ALJ. See 20 C.F.R. § 404.1527(d)(2). In formulating a claimant's RFC, the ALJ must weigh the evidence as a whole, including medical records, medical source opinions, a claimant's subjective complaints, and descriptions of his or her own limitations. See 20 C.F.R. §§ 404.1527, 404.1529, 404.1545. In this case, after reviewing all the relevant evidence, the ALJ determined that, due to Plaintiff's various impairments, he is capable of only sedentary work with quite a few additional limitations. (R. 19). In reaching his conclusions here regarding Plaintiff's RFC, the ALJ reviewed and engaged in extensive discussion of a great deal of evidence, including medical opinions of record, Plaintiff's treatment notes, Plaintiff's testimony and subjective complaints, and the testimony of Plaintiff's wife. (R. 19-23)

In support of his argument that the ALJ did not consider properly all the evidence of record in formulating his RFC, Plaintiff states that the ALJ "did not give proper consideration to the records reflecting several visits" in which he voiced various complaints. (Doc. No. 11, at 10). Plaintiff provides no citations to the record, however, so it is largely unclear to the Court what evidence the Plaintiff is contending the ALJ did not adequately address. (Doc. No. 11, at 11).

To the extent Plaintiff makes sufficient reference to specific evidence that the ALJ allegedly failed to properly address, such claims simply lack merit. For example, Plaintiff points out that state agency consultative examiner Rebecca Billings, Ph.D. found him to have marked limitations in the ability to respond appropriately to usual work situations. (Doc. No. 11, at 7-8). However, the Court notes that the ALJ's decision contained adequate discussion of Dr. Billings' opinion, including her finding of marked limitations in this area. (R. 22). Moreover, the ALJ actually chose to give Dr. Billings' opinion "great weight" in his formulation of Plaintiff's RFC, and he accordingly provided relevant workplace limitations in his RFC. (R. 19, 22). Plaintiff also claims that the ALJ improperly failed to discuss in his decision a VA record noting that he had "moderate to severe cognitive impairments limiting ability to participate" in a weight

management program. (Doc. No. 11, at 8). In fact, the record at issue states in full, "Patient would NOT benefit from participation in a MOVE/weight management program because of acute illness or injury, end-stage disease, moderate to severe cognitive impairments limiting ability to participate, or conditions for which weight loss may be contraindicated." (R. 823). The Court emphasizes that the VA record at issue does not indicate which of the listed reasons applied to Plaintiff, and the ALJ thus had no reason to find this record particularly relevant to his decision and worthy of discussion. Moreover, the Court notes that an ALJ is not required to reference every treatment note or every piece of medical evidence, as long as the Court can discern the basis for the ALJ's decision. See Johnson v. Comm'r of Soc. Sec., 529 F.3d 198, 202 (3d Cir. 2008); Fargnoli v. Massanari, 247 F.3d 34, 42 (3d Cir. 2001); Knox v. Astrue, 2010 WL 1212561, at *7 (W.D. Pa. Mar. 26, 2010). The Court finds that, in the case at bar, the medical evidence was adequately addressed, and the basis of the ALJ's decision was sufficiently explained.

Next, Plaintiff claims that the ALJ erred in concluding that Plaintiff's noncompliance with the recommended mental health treatment undermined the credibility of his statements and those of his wife. (Doc. No. 11, at 8). In essence, Plaintiff argues that the ALJ erroneously noted that Plaintiff's failure to seek mental health treatment undermines the veracity of his allegations, signaling that his condition is not as limiting as alleged. (R. 22). The Court finds, however, that the ALJ did in fact properly consider Plaintiff's subjective complaints along with the other evidence of record, including his failure to comply with various treatment recommendations regarding his physical and mental impairments, in evaluating Plaintiff's credibility and in formulating his RFC.

In determining whether a claimant is disabled, the ALJ must consider all of a claimant's symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. See 20 C.F.R. § 404.1529(a). A claimant's subjective complaints of symptoms alone are not sufficient to establish disability. See id. In evaluating a claimant's subjective complaints, the ALJ must consider, first, whether the claimant has a medically determinable impairment that could reasonably be expected to produce the symptoms he alleges. See 20 C.F.R. § 404.1529(b). Once an impairment is found, the ALJ then must evaluate the intensity and persistence of the claimant's symptoms to determine the extent to which those symptoms limit his ability to work. See 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii) (factors relevant to symptoms can include daily activities, medications and medical treatment). In the ALJ's decision here, after examining Plaintiff's daily activities, medical treatment and subjective complaints in connection with his alleged impairments, along with the testimony of Plaintiff's wife, the ALJ ultimately found that such evidence simply did not fully support the limitations he alleges.

Nevertheless, Plaintiff contends that the ALJ improperly considered evidence of his noncompliance with medical treatment as being detrimental to his credibility. The Court notes that SSR 96-7p provides that "persistent attempts" by an individual to obtain relief from symptoms "may be a strong indication that the symptoms are a source of stress to the individual and generally lend support to an individual's allegations of intense and persistent symptoms." SSR 96-7p, 1996 WL 374186, at *7 (July 2, 1996). The Ruling further specifically states that an

4

individual's statements "may be less credible if the level or frequency of treatment is inconsistent with the level of complaints, or if the medical reports or records show that the individual is not following the treatment as prescribed and there are no good reasons for this failure." Id.

Here, the ALJ carefully considered Plaintiff's allegations but found them to be "out of proportion to, and inconsistent with, the evidence of record." (R. 22). With regard to Plaintiff's non-compliance overall, the ALJ noted that the record showed non-compliance with taking his blood thinners and taking the associated blood tests, as well as long periods of time when he did not see a neurologist. (R. 22). The ALJ also noted that Plaintiff continued to smoke despite being given warnings that he should quit, nor would he go to the ER when his wife thought he was having a stroke. (R. 22). The ALJ acknowledged that Plaintiff had health insurance problems, but he also noted that he had access to VA medical care. (R. 22). Thus, the ALJ reasonably found Plaintiff to be either less limited than alleged or uninterested in improving his condition, undermining the credibility of his allegations regarding the severity of his symptoms. (R. 22). Moreover, the ALJ specified that despite his alleged mental health limitations, Plaintiff did not seek specialized care. (R. 22). The ALJ found that if his mental health condition were as limiting as alleged, Plaintiff would aggressively seek the recommended treatment. (R. 22). The ALJ further noted that despite Plaintiff's allegations of significant memory and cognitive problems, the consultative examiner found no evidence of cognitive limitations. (R. 22). The ALJ also pointed out that Plaintiff is able to make crafts and attend business shows with his wife, also indicating greater functional abilities than alleged. (R. 22).

Thus, in assessing Plaintiff's credibility, the ALJ discussed at great length the evidence of record, including the objective medical evidence, the opinion evidence, Plaintiff's activities of daily living, the testimony of Plaintiff's wife, and Plaintiff's own statements in connection with his alleged impairments, which he explained simply did not substantiate Plaintiff's extreme claims of disabling symptoms. Moreover, the ALJ did in fact find that Plaintiff has a number of severe impairments. (R. 16). However, Plaintiff's statements were not found to be fully credible for a number of reasons, including because of the fact that he failed to seek and/or comply with treatment for his various impairments. The Court further notes that Plaintiff provided no evidence to show that such failure to seek or comply with treatment was caused by his alleged mental health limitations, nor did Plaintiff establish that he did not seek treatment because he lacked health insurance, since he had access to VA care. See 20 C.F.R. § 404.1540 (explaining that the ALJ will consider information from treatment providers to evaluate a claimant's compliance with a treatment plan, as well as treatment providers' assessments or views on non-compliance with treatment). Therefore, upon substantial review of all the evidence of record, the ALJ simply found that the evidence as a whole did not support the extreme limitations that Plaintiff alleges. The Court finds that the ALJ did not err in evaluating Plaintiff's allegations, as well as those of Plaintiff's wife, because he thoroughly reviewed them in accordance with the regulations, and he provided sufficient explanation as to why he found those allegations to be not entirely credible.

Finally, Plaintiff contends that the ALJ erred in failing to include limitations in his RFC regarding his hearing loss and hand tremors/pain. The Court notes, however, that the ALJ is only required to include limitations in the RFC for credibly established limitations. See 20

5

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 10) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 12) is GRANTED.

s/ Alan N. Bloch<br>United States District Judge

ecf: Counsel of record

---

C.F.R. § 404.1545(a) (explaining that the RFC is the most a claimant can do despite his or her limitations). First, the record contains no proof to establish Plaintiff's hearing loss. Plaintiff declined to have an audiology consultation in 2013, and the treatment notes document normal findings with regard to his hearing. (R. 728, 739, 745, 751, 758, 764, 768, 821). Second, the record likewise does not establish Plaintiff's hand tremors/pain as a credibly established limitation. Although Plaintiff complained of such tremors, his examinations repeatedly failed to show the presence of tremors or hand abnormalities. (R. 803, 821, 847). Additionally, it is notable that Plaintiff admittedly enjoys making paracord bracelets, and he reported that he had begun a craft business with his wife and neighbors. (R. 777, 800).

Thus, the Court does not agree with Plaintiff's assertion that the ALJ erred in his consideration of the medical evidence in making his RFC assessment.

Plaintiff makes an additional related argument here that the ALJ's decision is not supported by substantial evidence because he relied on an inaccurate hypothetical question to the vocational expert ("VE"). Plaintiff argues that, because his RFC assessment was not based on substantial evidence, his hypothetical question to the VE, which was based on that RFC assessment, is wrong as well. While the hypothetical question to the VE must accurately portray the claimant's impairments, such question need only reflect those impairments that are adequately supported by the record. See Podedworny v. Harris, 745 F.2d 210, 218 (3d Cir. 1984); Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987); see also 20 C.F.R. § 404.1545(a)(1). As discussed, supra, the RFC in this case was based on substantial evidence. Thus, the Court finds that, in making his determination, the ALJ relied upon the response to an appropriate hypothetical question which included those limitations, properly portrayed in the RFC, that were supported by the record.

In sum, the Court finds that the ALJ did not err in finding that Plaintiff's impairments did not meet the severity of one of the Listings at Step Three of the sequential analysis. Additionally, the Court finds that the ALJ did not err in considering the evidence of record and formulating Plaintiff's RFC. Accordingly, the Court affirms.